CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
12/07/2017
JULIA C. DUDLEY, CLERK
BY: s/ F. COLEMAN
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| BETTY W. WILLOUGHBY,<br><br>                     *Plaintiff*,<br><br>v.<br><br>KROGER, *ET AL.*,<br><br>                     *Defendants*. | CASE NO. 6:17-cv-00067<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

      This case is before the Court on a motion to remand. Plaintiff Betty Willoughby filed suit against Defendants Kroger and related entities (collectively referred to as "Defendant") in the Circuit Court for the City of Lynchburg. (Dkt. 1-2). The complaint's *ad damnum* clause alleges damages of $74,900 for personal injuries sustained when Plaintiff slipped and fell on Defendant's premises. Upon conducting discovery, Defendant learned through interrogatories that Plaintiff alleged $32,132.06 in special damages, as well as other future damages. Alleging this new information supported diversity jurisdiction, Defendant filed a notice of removal. (Dkt. 1-1). Plaintiff now moves to remand the case, contending that the amount pled in the *ad damnum* clause controls. Because I find Defendant has not proved bad faith, I will remand the case.

### I. Legal Standard

      A defendant can remove a civil action to federal court if the court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). Federal courts possess original subject matter jurisdiction when (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) the parties' citizenship is completely diverse. 28 U.S.C. § 1332. Regarding the amount in controversy, "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab*

1

*Co.*, 303 U.S. 283, 288 (1938); 28 U.S.C. § 1446 (c)(2).

When a plaintiff seeks to remand a case removed to federal court, the defendant has "the burden of demonstrating the existence of federal jurisdiction." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008). "If, by a preponderance of the evidence, the defendants prove that the totality of circumstances indicates that the plaintiff is seeking to recover more than $75,000, the court should deny the plaintiff's motion to remand." *Ford-Fisher v. Stone*, No. CIV A 206CV575, 2007 WL 190153, at *3 (E.D. Va. Jan. 22, 2007) (citing *Schwenk v. Cobra Mfg. Co.*, 322 F. Supp. 2d 676, 678 (E.D. Va. 2004)). "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100 (1941)). "If federal jurisdiction is doubtful, a remand is necessary." *Id.* (citing *In re Business Men's Assur. Co. of America,* 992 F.2d 181, 183 (8th Cir. 1993)).

## II.  Discussion

Plaintiff's argues in her motion to remand that her answers to Defendant's interrogatories did not provide a sufficient basis to disregard the amount pled in her complaint. Notwithstanding Plaintiff's argument, Defendant counters that the Court should invoke a "totality of the circumstances" analysis and find Plaintiff's damages exceed $75,000.

**A.     Plaintiff's *Ad Damnum* Clause Prevents the Case from Exceeding the Amount in Controversy Threshold for Diversity Jurisdiction.**

In Virginia, the *ad damnum* clause in a plaintiff's complaint caps the amount of his or her potential recovery. *Brown v. Wal-Mart Stores, Inc.*, No. 5:13CV00081, 2014 WL 60044, n.2 (W.D. Va. Jan. 7, 2014) (quoting Kent Sinclair & Leigh B. Middleditch, Jr., VIRGINIA CIVIL PROCEDURE § 3.2(H) (5th ed. 2008)); *Hamilton v. Bruce*, 552 F. Supp. 649, 650–51 (W.D. Va.

1982). Such a cap on recovery can prevent a case from satisfying the amount in controversy requirement and thwart removal. *Id.* at *3. Defendant contends that Plaintiff's answers to interrogatories conflict with Plaintiff's original *ad damnum* clause enumerating damages of $74,900.[1] (Dkt. 1-2, 1-3; dkt. 8 at 2). Specifically, Defendant reasons that the $32,132.06 listed as special damages, when multiplied by two and a half times, exceeds $75,000. *Id.*

An *ad damnum* clause made in good faith is sufficient to prevent removal when it caps plaintiff's potential recovery below the requisite amount in controversy for diversity jurisdiction. *Brown*, 2014 WL 60044, at *2. In *Brown*, the defendant removed a case filed in state court with a complaint containing a $70,000 *ad damnum* clause. *Id.* at *3. During initial settlement discussions, the plaintiff articulated itemized medical expenses of $62,386.77 and demanded $200,000 to settle the suit. *Id.* at *2. The defendant argued that the amount pled in the *ad damnum* clause was done in "bad faith" in order to avoid removal. *Id.* at *3. Countering defendant's contention, the plaintiff's counsel and paralegal testified at an evidentiary hearing that the "they did not value [plaintiff's] case over $50,000," and indeed had later attempted to settle the case for $45,000. *Id.* The court found the testimony to be evidence that plaintiff's *ad damnum* clause "was not done in bad faith." *Id.* Moreover, the court found assurances from plaintiff's counsel, that "he [would] not amend his state court complaint to raise the ad damnum . . . ," made remand appropriate. *Id.*

Defendant wrongly posits that *Brown* stands for the proposition that it is "the burden of the plaintiff to establish that the sum demanded in the initial pleading was made in 'good faith.'"

---

[1] Plaintiff's answers to Defendant's interrogatories are an "other paper" sufficient to be used for the purposes of ascertaining whether the case is removable. *See* 28 U.S.C. § 1446 (b)(3), (c)(3)(A). The relevant interrogatories include interrogatory number four, stating Plaintiff "incurred a total of $31,626.91 in medical expenses, $35.15 in mileage expenses, and $470 for yard mowing . . . ," and interrogatory number three, detailing the specifics of Plaintiff's injuries, surgery, and current ongoing limitations due to the injury. (Dkt. 1-3).

3

(Dkt. 8 at 2). Plaintiff rightly counters with the longstanding rule that the burden of establishing jurisdiction post-removal rests upon Defendant. (Dkt. 10 at 2). *See Carson v. Dunham*, 121 U.S. 421, 425 (1887) ("As [defendant] was the actor in the removal proceeding, it rested on her to make out the jurisdiction of the [court]."). Defendant's burden notwithstanding, Plaintiff has still provided evidence that the amount alleged in the *ad damnum* clause was done in good faith.

Although it was stated at the November 13, 2017 remand hearing that Plaintiff made a settlement offer of $150,000, Plaintiff states she currently "has no plan to amend the Complaint to seek a sum greater than [$74,900.00]." (Dkt. 10 at 3). Moreover, Plaintiff's counsel stated before the Court and in his brief that Plaintiff "has determined, with the assistance of counsel, that the $42,767.94 she is seeking that is in excess of her special[ damages] of $32.132.06 is an amount sufficient to compensate her for her injuries, pain, potential future medical expenses, or other damages." *Id*. Plaintiff further stipulated at the hearing that, under the facts she is currently aware of, she will not amend her state court complaint to seek damages above the amount in controversy threshold.[2] These statements, like the assurances in *Brown*, are demonstrative that the *ad damnum* clause was made in good faith. *See also Animal Care Ctr. of Salem, Inc. v. Thompson*, No. 7:06CV00250, 2006 WL 1288516, at *1 (W.D. Va. May 10, 2006) (finding an *ad damnum* clause amount of "less than $75,000" was made in good faith).

### B. The "Totality of the Circumstances" Does Not Warrant a Finding of Jurisdiction

Notwithstanding Plaintiff's *ad damnum* clause, Defendant argues that the "totality of the circumstances" indicates the value of Plaintiff's claim is over $75,000. (Dkt. 8 at 2–3 (citing *Lien v. H.E.R.C. Prod., Inc.*, 8 F. Supp. 2d 531, 534 (E.D. Va. 1998); *Ford-Fisher v. Stone*, No. CIV

---

[2] In the event that upon remand Plaintiff does amend her complaint to seek damages above the $75,000 amount in controversy threshold, Defendant could again seek removal under 28 U.S.C. § 1446(b)(3).

A 206CV575, 2007 WL 190153, at *1 (E.D. Va. Jan. 22, 2007)). In *Lien*, the district court found "the wording of the Complaint [indicating potentially $100,000 in damages], the plaintiff's settlement letter [requesting $80,000] and the plaintiff's statements to [the] Court, contradict[ed] the plaintiff's assertion that the value of [the] litigation [was] less than $75,000.00." *Lien*, 8 F. Supp. 2d at 534. In *Ford-Fisher*, the district court found that in spite of a $25,000 *ad damnum* clause, the plaintiff's pursuit of a $300,000 settlement offer, her counsel's admission "that the plaintiff was prepared to file an amended motion for judgment with an increased ad damnum clause" to seek $450,000 in damages, and "her refusal to stipulate that her damages will not exceed $75,000," all supported defendant's assertion that the case exceeded the amount in controversy requirement. *Ford-Fisher*, 2007 WL 190153, at *3.

The totality of the circumstances does not support a finding of jurisdiction in this case. Unlike the circumstances in *Lien* and *Ford-Fisher*, here Defendant has not provided sufficient evidence that Plaintiff intends to seek an amount in excess of $75,000. First, Defendant's multiplication of Plaintiff's enumerated special damages by two and half times is speculative and not demonstrative that jurisdiction exists. In addition, Plaintiff's previous settlement offer of $150,000 is now qualified by her assertions that she will not seek an amount greater than the $74,900 *ad damnum* clause. As referenced above, Plaintiff stipulated to the Court at the remand hearing that, based upon the facts she is currently aware of, she will not amend her complaint to increase the *ad damnum* clause. (*See also* Dkt. 10 at 3 (stating Plaintiff "has no plan to amend the Complaint to seek a sum greater than" $74,900.00)). Rather, Plaintiff acknowledges the cap on her potential damages, and finds the difference between her incurred expenses and the *ad damnum* cap "sufficient to compensate her for her" damages.[3] (Dkt. 10 at 4). Defendant has

---

[3] Defendant's argument that Plaintiff's alleged future damages support jurisdiction is

failed to show by a preponderance of the evidence and the totality of circumstances that Plaintiff is seeking to recover more than $75,000. *See Ford-Fisher*. 2007 WL 190153, at *3. Therefore, the Court will remand the case to state court.

C. **Plaintiff is Not Entitled to Recover Costs and Attorneys' Fees Incurred as a Result of Defendant's Removal**

Plaintiff seeks to recover her costs and attorney's fees incurred as a result of Defendant's removal under 28 U.S.C. § 1447(c). "An order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added). The Fourth Circuit has found bad faith to be a major factor in determining whether granting attorney's fees is appropriate. *In re Lowe*, 102 F.3d 731, 733 n.2 (4th Cir. 1996) ("Even if § 1447(c) empowered us to require the district court [in this case] to award fees at this juncture, we would decline to do so. There is no evidence of bad faith by either party."). Here, the Court finds that, while ultimately unconvincing, Defendant's arguments in favor of removal were made in good faith. Moreover, Plaintiff's recent representations to the Court that she will not increase her *ad damnum* clause, under the facts as she understands them, is not something a "cursory examination would have revealed" when Defendant filed its notice of removal. *Id.* (quoting *Husk v. E.I. Du Pont De Nemours & Co.,* 842 F.Supp. 895, 899 (S.D.W.Va. 1994)). Thus, awarding costs and fees would not be appropriate in this case.

---

likewise not convincing. (Dkt 1-2 at 3). Defendant quotes Forth Circuit precedent holding that "damages which the plaintiff claims will accrue in the future are properly counted against the jurisdictional amount if 'a right to future payments . . . will be adjudged in the present suit.'" *Broglie v. MacKay-Smith*, 541 F.2d 453, 455 (4th Cir. 1976).
However, this argument does not address the unique nature of Plaintiff's *ad damnum* clause, which prevents her from recovering more than the jurisdictional amount. The fact that Plaintiff *could* request more than the jurisdictional amount is not the test. Rather, the totality of the circumstances must show that Plaintiff indeed *intends* to seek an amount above the $75,000 threshold. The evidence before the Court is to the contrary.

### III. Conclusion

Because Defendant has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000, subject matter jurisdiction is lacking. Plaintiff's motion to remand will be granted. Plaintiff's request for costs and attorney's fees, however, will be denied. An appropriate Order will issue.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and accompanying Order to all counsel of record, to remand the case to the Circuit Court for the City of Lynchburg, and to remove this case from the Court's active docket.

Entered this 7th day of December, 2017.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE